20991

Lou E. Edens, Appellant, v. James G. EDENS, Respondent.
(255 S. E. (2d) 856)

*William K. Easterling,* Columbia, *for appellant.*

*Kermit S. King* and *W. Thomas Vernon,* Columbia, *for respondent.*

June 20, 1979.

Ness, Justice:

This appeal is from an order requiring the respondent, James G. Edens, to assign certain insurance policies to his former wife, the appellant, but restricting her right to cash in or borrow against the policies. We affirm.

The parties were divorced in 1974 by a decree which adopted a settlement agreement between them. Appellant instituted this action to enforce the terms of the following paragraph:

"The Husband will assign to the Wife all right, title and interest in and to certain insurance policies and will make the Wife the irrevocable beneficiary of said insurance policies or cause or permit the Wife to be made the irrevocable beneficiary on all such insurance policies, subject only to the condition that the Wife shall make the children the irrevocable contingent beneficiaries or cause or permit the children to be made the irrevocable contingent beneficiaries on the said policies (the insurance policies to which reference is made are listed on a schedule attached hereto and marked 'Exhibit A')." Transcript of Record, page 9.

Initially, appellant asserts the trial court erred in interpreting the property settlement agreement to mean that the children have an interest in the policies limiting appellant's rights of ownership. We disagree.

While the agreement obligates respondent to assign all of his right, title and interest in and to the policies to the appellant, this provision is subject to the requirement that the children be named irrevocable contingent beneficiaries. In agreeing to assign the policies to appellant, respondent clearly intended that they be held by her for the benefit of the children. The trial court therefore correctly held that although appellant is the primary assignee of the policies, her ownership is circumscribed by the irrevocable interest of the children.

Appellant also contends the trial court erred in issuing an order without taking the testimony of the parties. As both parties agreed there was no ambiguity in the disputed provision, it was unnecessary for the trial court to take testimony on the issue.

Finally, appellant asserts the trial court erred in failing to grant her attorneys' fees and costs, as prayed for in her petition. We disagree.

A trial court has broad discretion in the award of attorneys' fees in a domestic matter. *Nienow v. Nienow,* 268 S. C. 161, 232 S. E. (2d) 504 (1977); *Smith v. Smith,* 262 S. C. 291, 204 S. E. (2d) 53 (1974). The record reveals that respondent has continued to offer to convey the policies to appellant, subject to her acquiescence in preserving the rights of the children. In light of our decision that these conditions on appellant's absolute ownership were imposed by the agreement, appellant's institution of this action was unnecessary and she was not entitled to attorneys' fees.

Affirmed.

Lewis, C. J., and Littlejohn, Rhodes and Gregory, JJ., concur.