## 1066

Leon Richard BLACKMON, Appellant v. Susie W. BLACKMON, Respondent. In re Susie W. BLACKMON, (Docket No. 84-DR-05-32), Petitioner v. Leon Richard BLACKMON, Respondent.

(363 S. E. (2d) 400)

Court of Appeals

*A. F. Carter, III*, Orangeburg, *for appellant.*

*D. A. Early, III*, of *Early, Kemp & Ness*, Bamberg, *for respondent.*

Heard Oct. 20, 1987.

Decided Dec. 14, 1987.

SHAW, Judge:

Respondent-wife, Susie W. Blackmon, brought an action against appellant-husband, Leon Richard Blackmon, seeking, among other things, separate maintenance. The husband later petitioned the family court for a divorce *a vinculo matrimonii*. The husband appeals from the order of the family court in the second hearing finding an award of ($100) per week separate maintenance as a final determination of the alimony issue and ordering alimony to continue as such. We affirm.

This matter originally came before the Honorable Peter R. Nuessle on June 19, 1984 pursuant to the wife's petition seeking separate maintenance, an equitable division of marital property, attorney's fees and costs. On July 4, 1984, Judge Nuessle ordered the husband to pay ($100) per week as separate maintenance, found neither party had any interest in the property of the other acquired prior to marriage, found any property acquired subsequent to the marriage should remain as is, the family court retaining jurisdiction to equitably divide the same, and ordered the husband to pay the wife's attorney's fees in the amount of ($500). An appeal of this order was commenced by the husband's former attorney but was either not perfected or was abandoned.

Subsequently, the husband petitioned the family court for a divorce on the ground of separation for a period of one year and alleged in that petition the wife was not entitled to alimony. The wife answered, alleging the matter of alimony was judicially determined by the July 4, 1984 order and there had been no substantial change in the parties' financial condition, nor had the husband pled any such change.

On July 7, 1986, the Honorable G. Larry Inabinet granted the husband a divorce *a vinculo matrimonii* upon the statutory ground of one year separation and ruled the order of July 4, 1984 was a final determination of the alimony issue.

The husband contends the trial judge erred in awarding the wife ($100) per week in alimony. First, he argues the trial judge made no specific findings of fact to support such an award. Rule 27(*c*) of Rules of Prac-

tice for the Family Courts requires the trial judge to set forth the salient facts upon which the order is granted. However, although the trial court may have only minimally complied with Family Court Rule 27(c) regarding its disposition of issues, the record may still be sufficient to permit adequate review by this court. *Strout v. Strout,* 284 S. C. 429, 327 S. E. (2d) 74 (1985). The trial judge stated in his order that he had considered the respective necessities of the parties, the standard of living of the wife, the duration of the marriage, the ability of the husband to provide for the wife and the actual income of the parties. There is ample evidence in the record indicating the factors were indeed presented to the trial judge and we find no abuse of discretion in awarding such sum.

The husband next argues the trial judge erred in considering money received from the sale of certain nonmarital property. He contends the trial judge considered both the principal and interest from the sale of property owned prior to marriage and sold prior and during the marriage when he should have only considered the interest. Further, he claims such property owned prior to the marriage had changed in form to cash but had not been transmuted and therefore should not be utilized in support of the marriage.

This court listed several relevant factors to be considered in the determination of alimony. Among these factors are the financial condition of the husband, the individual wealth of the parties, the ability of the husband to pay alimony, *and* the actual income of the parties. *Bradley v. Bradley,* 285 S. C. 170, 328 S. E. (2d) 647 (Ct. App. 1985). Therefore, regardless of whether the trial judge termed this money coming into the husband as income or return on an investment, it was proper for him to consider it in determining alimony.

The husband also contends the trial judge erred in awarding the wife ($500) in attorney's fees as he made no specific findings of fact as required by Family Court Rule 27(c). We find there is ample evidence to support such a finding and affirm the award of attorney's fees. (See *Strout,* infra).

Finally, the husband argues the trial judge erred in failing to liberally construe his petition at trial so as to allow the husband to present evidence of a material

change in circumstances on the issue of alimony. In the husband's petition for divorce, he merely alleged the wife was not entitled to alimony. The husband argues this allegation was sufficient to put the wife on notice that the husband would be litigating the issue of alimony. We disagree. First, while this allegation may have initially put the wife on notice that the husband wished to litigate the matter, the wife pled, and the trial judge accepted, the matter of alimony had already been judicially determined. The wife went a step further and alleged there had been no change in the parties' financial condition and the husband had failed to allege any such change. If anything, the wife put the husband on notice that no such allegation had been pled and therefore was not to be an issue before the court. The husband at that time could have sought to amend his petition. He also could have made a motion to amend his pleadings during the trial, however he failed to do either. Also, we note the husband is not precluded from bringing another action alleging a change in circumstances. Therefore, the trial judge did not err in disallowing evidence as to change in circumstances.

For the foregoing reasons, the order below is affirmed.

Affirmed.

BELL and CURETON, JJ., concur.