1177

William R. GAMBRELL and Star-Lite 25 Dragway, Inc., Respondents v. Buena GAMBRELL, Appellant v. Rayford GAMBRELL, Third-Party Petitioner Respondent.

(369 S. E. (2d) 662)

Court of Appeals

*Harold R. Lowery,* of *Lowery, Hood & Thompson,* Anderson, *for appellant.*

*James D. Jefferies,* Greenwood, *for respondents.*

Heard March 14, 1988.

Decided June 6, 1988.

*Per Curiam:*

The appealed order (1) denied both parties' request for a divorce, (2) granted the husband's request for an order allowing him to live separate and apart from the wife, (3) divided the marital property between the parties, (4) gave the husband possession of the family home pending distribution of the marital estate, (5) denied the wife's counterclaim for alimony and attorney fees and (6) declined for lack of jurisdiction to adjudicate the wife's counterclaim for dissolution of a family corporation and her claim for waste against the parties' son. The wife appeals. We affirm.

The issues of merit in this appeal are whether the trial judge erred in (1) denying the wife a divorce based on physical cruelty and drunkenness, (2) apportioning the marital assets equally between the parties and awarding the husband a first option to purchase the parties' real property, (3) holding that the family court lacked jurisdiction to dissolve the parties' corporation and adjudicate the wife's claim against the son for waste, and (4) denying the wife alimony, exclusive use of the marital home, and attorney fees.

The parties married in 1950 and have two adult sons. All significant income and acquisitions of the parties during their marriage came from their joint efforts in various

family businesses, namely, a restaurant, farm and dragway. At the time of the hearing both parties were in their early fifties.

Although we have jurisdiction in domestic matters to find facts based on our own view of the preponderance of the evidence, we are not required to disregard the findings of the trial judge, who saw and heard the witnesses and was in a better position to evaluate their testimony. *Cooper v. Cooper*, 289 S. C. 377, 346 S. E. (2d) 326 (Ct. App. 1986).

## I. DRUNKENNESS AND PHYSICAL CRUELTY

The trial judge found that the wife did not sufficiently establish physical cruelty and drunkenness on the husband's part so as to warrant a divorce. We hold that the preponderance of the evidence supports these findings. The wife failed to establish that the husband had a drinking problem at or near the time this action was filed or that the alleged acts of physical cruelty endangered her life, limb or health or rendered cohabitation unsafe. *See Lee v. Lee*, 282 S. C. 76, 316 S. E. (2d) 435 (Ct. App. 1984) (drunkenness); *Godwin v. Godwin*, 245 S. C. 370, 140 S. E. (2d) 593 (1965) (cruelty).

## II. DIVISION

The wife argues that the trial judge failed to make a complete disposition of the marital property. We find no error. The trial judge specifically held the entire marital estate should be apportioned equally and left it up to the parties to petition the court for a determination of the division scheme of certain assets. The wife failed to do this and cannot now complain of any alleged omission in the equitable division. *Cf. Honea v. Honea*, 292 S. C. 456, 458, 357 S. E. (2d) 191, 192 (Ct. App. 1987) ("[A] party cannot sit back at trial without offering proof, then come to this Court complaining of the insufficiency of the evidence to support the family court's findings.").

The wife also excepts to the trial judge's ordering that the marital property, including the parties' coin collection and $6,000 from the redemption of an insurance policy, be apportioned equally between the parties, with the husband having the first option to purchase all the

real property. Specifically, she argues that the evidence shows that she contributed more to the parties' wealth, including the coin collection, that part of the insurance proceeds were given to the family corporation, and that a first option to the husband upsets the otherwise equal division of the property. We hold the trial judge's decisions were supported by the preponderance of the evidence. The husband and other witnesses testified that he contributed substantially to the acquisition of the marital assets, including the coin collection. In addition, the wife offered nothing other than her testimony to support her statement that she gave the cash she obtained from redemption of an insurance policy to the family business, and even that testimony is vague as to exactly how much of the proceeds was spent for this purpose. As to the award of a first option to the husband, we hold this was a reasonable decision within the trial judge's discretion. *Rampey v. Rampey*, 286 S. C. 153, 332 S. E. (2d) 213 (Ct. App. 1985).

### III. JURISDICTION

We also find no merit to any of the wife's exceptions concerning the family court's jurisdiction to dissolve the family corporation and adjudicate her claim for waste against the parties' son. Whether or not the trial judge correctly ruled that he did not have jurisdiction to dissolve the corporation, no prejudice has been shown. *Bungener v. Bungener*, 291 S. C. 247, 353 S. E. (2d) 147 (Ct. App. 1987). The parties are equal shareholders and can petition for dissolution in the circuit court.

As to the action for waste, that claim is clearly not involved in the marital litigation. *Sims v. Sims*, 290 S. C. 190, 348 S. E. (2d) 835 (1986).

### IV. ALIMONY AND ATTORNEY FEES

Finally, we find no abuse of discretion in the denial to the wife of alimony, exclusive possession of the marital residence or attorney fees. While the wife argues at length that she has no marketable skills and that women in her situation are generally at an economic disadvantage compared with men similarly situated, these allegations alone, even if true, must be balanced against other factors to determine if alimony is warranted. *Lide v. Lide*, 277 S. C.

155, 283 S. E. (2d) 832 (1981). Similarly, she has established no compelling circumstances as to her needs when balanced against the husband's to warrant her receiving exclusive possession of the marital home. *Johnson v. Johnson*, 285 S. C. 308, 329 S. E. (2d) 443 (Ct. App. 1985). It follows then that the trial judge properly denied the wife attorney fees. *O'Neill v. O'Neill*, 293 S. C. 112, 359 S. E. (2d) 68 (Ct. App. 1987).

For the above reasons, the appealed order is affirmed.

Affirmed.