1382

Sylvia S. THERRELL, Appellant v. Bobby G. THERRELL, Respondent.
(383 S. E. (2d) 259)

Court of Appeals

*Randall M. Chastain*, Columbia, *for appellant.*
*Kenneth R. Young, Jr.*, Sumter, *for respondent.*

Heard June 5, 1989.

Decided July 31, 1989.

*Per Curiam:*

This is a divorce action. Sylvia S. Therrell petitioned the family court for a divorce from her husband, Bobby G. Therrell, on the ground of adultery. Both parties sought equitable distribution of the marital estate. In addition, the wife sought permanent periodic alimony. The court granted the divorce, awarded the wife $500.00 per month rehabilitative alimony for twelve months, awarded the wife $1,200.00 per month permanent periodic alimony, and distributed the marital estate. The wife appeals the alimony award and the equitable distribution. We reverse and remand.

The parties were married in 1958. At the time of the hearing, the wife was fifty years old, in good health, and had a college degree in accounting. The husband was forty-eight years old, in good health, and had an eleventh grade education.

The husband worked and contributed most of the income throughout the marriage. In 1978, he started his own chemical supply business. In 1984, the business incorporated under the name of Thero-Chem, Inc., with the husband being the sole owner and stockholder. The business showed promise in the early years. However from 1984 to 1987, the business suffered a series of reverses. Despite these setbacks, the parties continued to enjoy a high standard of living.

The wife worked outside the home from time to time during the twenty-eight year marriage. She worked as a secretary until their first child was born and continued working part time until the birth of their second child. In 1965, she began working for Dealer's Wholesale Company. She started as a secretary and worked her way up to general manager. After fourteen years, she quit her job to spend more time with their children and keep the books of her husband's business. In 1984, the company hired a bookkeeper and she worked on an as needed basis.

While the trial judge found that Mrs. Therrell was entitled to permanent periodic alimony, he also found that with additional training she could earn in excess of $15,000.00 per year. Therefore, he awarded twelve months of rehabilitative alimony in conjunction with his award of periodic alimony. Mrs. Therrell appeals this alimony award.

## I.

Mrs. Therrell asserts that the award of rehabilitative alimony was inappropriate and that the periodic alimony award was grossly inadequate.

Alimony is a substitute for the support which is normally incident to the marital relationship. *Johnson v. Johnson,* 296 S. C. 289, 372 S. E. (2d) 107 (Ct. App. 1988). Ordinarily, the purpose of alimony is to place the supported spouse, as nearly as is practical, in the position of support she enjoyed during the marriage. *Id.*

Rehabilitative alimony may be awarded only upon a showing of special circumstances justifying a departure from the normal preference for permanent periodic support. The purpose of rehabilitative alimony is to encourage a dependent spouse to become self supporting after a divorce. *Id.* However, it should be approved only in exceptional circumstances, in part, because it seldom suffices to maintain the level of support the dependent spouse enjoyed as an incident to the marriage. *Id.*

The factors to be considered in awarding rehabilitative alimony include: (1) the duration of the marriage; (2) the age, health, and education of the supported spouse; (3) the financial resources of the parties; (4) the parties' accustomed standard of living; (5) the ability of the supporting spouse to meet his needs while meeting those of the supported spouse; (6) the time necessary for the supported spouse to acquire job training or skills; (7) the likelihood that the supported spouse will successfully complete retraining; and (8) the supported spouse's likelihood of success in the job market. *Id.* In order for rehabilitative alimony to be granted, there must be evidence demonstrating the self sufficiency of the supported spouse at the expiration of the ordered payments. *Id.*

In this case, the family court failed to make specific findings of fact justifying the award of rehabilitative alimony. The duration of the marriage, the age of the parties, and the parties' accustomed standard of living does not support the award of rehabilitative alimony. Further, there was no finding regarding the wife's ability to attain self sufficiency at the expiration of the ordered payments nor any explanation for the choice of twelve months as the period of rehabilitation. From our review of the record, we conclude that the award of rehabilitative alimony under these circumstances constituted an abuse of discretion.

Accordingly, we reverse the award of rehabilitative alimony and remand for a redetermination of the award of permanent periodic alimony. The factors which should guide the judge's discretion in making the award are set forth in *Lide v. Lide*, 277 S. C. 155, 283 S. E. (2d) 832 (1981). While based upon the reasonable needs of the wife to maintain her marital standard of living, the award should also take into account her earning capacity. Alimony should not serve as a disincentive for her to improve her employment potential nor dissuade her from providing, to the extent feasible, for her own support. *Johnson v. Johnson, supra.*

## II.

In making an equitable distribution of marital property, the family court must: (1) identify the marital property, real and personal, to be divided between the parties; (2) determine the fair market value of the property so identified; (3) identify the proportionate contributions, both direct and indirect, of each party to the acquisition of the marital property, their respective assets and incomes, and any special equities they may have in marital assets; and (4) provide for an equitable division of the marital property, including the manner in which distribution is to take place. *Toler v. Toler*, 292 S. C. 374, 356 S. E. (2d) 429 (Ct. App. 1987).

Mrs. Therrell asserts that the trial judge erred by improperly valuing items in the marital estate and that the court's order fails to adequately address the statutory factors. *See* Section 20-7-472, Code of Laws of South Carolina, 1976, as amended.

We have reviewed the court's valuation of the marital estate. We find that the court erred in valuing Mrs. Therrell's jewelry at $20,000.00. The only evidence of the value of this jewelry is an appraisal which establishes a value of $9,865.00. We find that the rest of the trial court's valuations are supported by evidence.

Due to the effect of the jewelry's misvaluation on the trial court's division of the marital estate, we do not reach the issue of whether the judge adequately applied the statutory factors. We vacate the equitable distribution and remand to the family court for redetermination in accordance with Section 20-7-472.

For the reasons stated, the judgment is

Reversed and remanded.