23778

Dorothy Anne WILLIAMSON, Appellant v. David Bryan WILLIAMSON, Respondent.

(426 S.E. (2d) 758)

Supreme Court

*John O. McDougall,* of *Weinberg, Brown & McDougall,* Sumter, and *C. Dixon Lee, III,* of *McLaren & Lee,* Columbia, *for appellant.*

*John W. Harte* and *Gregory P. Harlow* of *Harte, Harte & Harlow,* Aiken, *for respondent.*

Heard Dec. 10, 1992.

Decided Jan. 11, 1993.

MOORE, Justice:

Appellant Dorothy Anne Williamson ("Wife") appeals the family court order denying her an award of separate maintenance and support (alimony). We affirm as modified.

## FACTS
Wife and Respondent David Bryan Williamson ("Husband") were married on February 4, 1984. On February 16, 1991, the couple separated. The couple did not have any children. On March 5, 1991, Wife brought an action for alimony and equitable distribution of the marital property. The family court judge divided the marital property and denied Wife's claim for alimony. Wife now appeals the denial of alimony.

## ISSUES
(1) Did the family court judge err by denying Wife's request for alimony?
(2) Should the family court judge have reserved jurisdiction to determine an award of alimony in the future?

## DISCUSSION
(1) Alimony
It is undisputed that Wife has had epilepsy from birth. In August 1989, Wife developed chronic seizures which she testified she has not had since she was two or three years old. Husband testified he did not know of Wife's epilepsy until several years into the marriage. The central question on this issue is whether Wife's epilepsy renders her disabled to the extent that she cannot work.

Prior to the marriage, Wife had earned a master's degree in counseling. Wife testified that she continued to work until she

had to resign because she suffered memory loss to the degree that she could no longer perform her job. She is receiving $289.00 per month in social security disability payments. Wife also receives $240-250.00 interest per month on a certificate of deposit. Wife volunteers for 20-25 hours a week at her church doing various clerical work. She drives a car and lives alone.

Other than her own testimony, Wife did not present any evidence which would have established the extent of her disability. When Wife was asked if she believed she could return to work she stated, "I'm not sure. Probably so, but sometimes I would have, [sic] there might be a day that I would have several partial complex seizures that would just make me not feel well at all, and I would just not be able to function."

In his order denying Wife alimony, the family court judge stated the significant factors were Wife's education, her ability to perform volunteer clerical work, her ability to drive, and her failure to find employment. The court found that Wife has the ability to support herself and stated "[t]here is an absence of any medical evidence to support [Wife's] statements of disability. . . ." Further, the court noted "the exact nature and extent [of Wife's disability] was not established by independent medical testimony."

Both parties agree that the granting of an award of alimony is a matter of discretion and will not be reversed on appeal absent an abuse of that discretion. *Lide v. Lide*, 277 S.C. 155, 283 S.E. (2d) 832 (1981). Furthermore, an alimony award should not serve as a disincentive for a spouse to make reasonable efforts to improve her employment potential or become self-sufficient. *Brandi v. Brandi*, 302 S.C. 353, 396 S.E. (2d) 124 (Ct. App. 1990).

Wife argues the family court judge abused his discretion in denying her alimony. Wife contends the issue of whether a party must present medical expert testimony to establish the existence and degree of a medical condition has never previously been addressed and expert testimony was not necessary under the facts of this case. Wife argues the family court judge, in essence, denied her alimony because she failed to present expert testimony.

The family court judge, however, simply stated there was a lack of medical evidence and independent medical testimony to support Wife's claims of disability. The court did not state

that expert medical testimony is required. The court was merely stating that Wife had failed to establish her disability and its effect on her ability to work, which could have been shown through medical evidence. Wife failed to establish the extent of her medical condition with sufficient evidence and, therefore, the court did not abuse its discretion.

(2) Reservation of jurisdiction

Wife contends if immediate alimony is not proper, the family court judge should have reserved jurisdiction to award alimony sometime in the future. We agree. She has had epilepsy from birth with serious problems not developing until 1989. Wife's condition may deteriorate in the future.

Jurisdiction to award alimony may be reserved when there is a determination that there exists an identifiable set of circumstances that is likely to generate a need for alimony in the reasonably foreseeable future. *Donahue v. Donahue*, 299 S.C. 353, 384 S.E. (2d) 741 (1989). Under the facts of this case, the court should have reserved jurisdiction. Therefore, we affirm the family court's order with the modification that jurisdiction is reserved to award alimony in the future.

Affirmed as modified.

HARWELL, C.J., and CHANDLER, FINNEY and TOAL, JJ., concur.