23898

C.A.H., Respondent v. L.H., Appellant.
434 S.E. (2d) 268

Supreme Court

*Dana R. Krajack* and *Lucy A. Krajack*, McAllen, TX, *for appellant.*

*Ann L. Furr*, Columbia, *for respondent.*

Heard May 18, 1993.

Decided July 12, 1993.

MOORE, Justice:

This is a domestic case. The family court granted Respondent C.A.H. (Wife) alimony and equitably divided the martial property. Appellant L.H. (Husband) appealed. We affirm.

## FACTS

After Wife and Husband were married on April 6, 1985, Wife moved into Husband's house. Wife left the martial home on February 8, 1991, after her daughters from a previous marriage told her Husband had sexually abused them. Wife petitioned the family court for a divorce on the ground of adultery. The abuse is the basis for the adultery. In her petition, Wife sought equitable distribution and "relocation alimony."

Originally, Husband was represented by Hemphill Pride. In July, Pride moved to be relieved as counsel. Husband informed the court he wanted another attorney. Family Court Judge Byars, however, denied the motion because Husband had not retained another attorney and ordered Pride to appear in court if Husband wanted to appear *pro se* at the hearing in September. Judge Byars also informed Husband he could substitute counsel if he wanted.

At the hearing, Husband appeared *pro se* with Pride present. Husband told the court he did not want Pride in the courtroom. Family Court Judge Abigail Rogers relieved Pride and Husband proceeded *pro se*. Husband asked for a continuance which the judge denied.

After the hearing, the judge granted Wife's petition and awarded her $7,000 equity in the house, $150 per month alimony, and a large mirror located in the house, among other things. Husband's motions to amend the order or grant a new trial were denied. Husband appeals.

## ISSUES

1. Did the judge err in awarding alimony?
2. Did the judge err in denying Husband's motions to amend the order or grant a new trial?

## DISCUSSION

(1) Alimony

Husband contends the judge erred in granting Wife alimony. In her petition, Wife sought "relocation alimony" for the expenses involved in having to quickly move out of the marital home upon her discovery of the sexual abuse. The judge awarded Wife "$150.00 per month as rehabilitative alimony for a period of one year." Husband argues the alimony award does not fall under S.C. Code Ann. § 20-3-130 (Supp. 1992). We disagree.

Under § 20-3-130(B)(3), rehabilitative alimony may be awarded only upon a showing of special circumstances justifying a departure from the normal preference for permanent, periodic support. *Johnson v. Johnson,* 296 S.C. 289, 372 S.E. (2d) 107 (Ct. App. 1988). *See also Therrell v. Therrell,* 299 S.C. 210, 383 S.E. (2d) 259 (1989) (rehabilitative alimony should be approved only in exceptional circumstances). Although "rehabilitative" alimony may not be proper in these circumstances, we find ample support in the record for alimony under § 20-3-130(B)(6) which authorizes the award of:

> Such other form of spousal support, under terms and conditions as the court may consider just, as appropriate under the circumstances without limitations to grant more than one form of support.

This Court may affirm the trial court on any ground appearing in the record. *Hossenlopp v. Cannon,* 285 S.C. 367, 329 S.E. (2d) 438 (1985). Therefore, we affirm the family court's award of alimony.

(2) Motion to Amend or Grant New Trial

Husband contends his motions to amend the judgment or grant a new trial on several grounds should have been granted. First, Husband alleges there was a prejudicial *ex parte* communication between an assistant solicitor and the judge during his hearing. The judge stated in the

order denying Husband's motions that she did not remember which assistant solicitor she spoke with nor the content of the conversation. Reviewing the record, we find ample support for the judge's findings. Therefore, we find there was no evidence of judicial prejudice. *Ellis v. Proctor & Gamble,* — S.C. —, 433 S.E. (2d) 856 (1993) (this Court will affirm only if there is no evidence of judicial prejudice).

Husband also contends the final decree of divorce is not supported by factual findings. Husband alleges if he had been allowed to make a proffer, evidence would have been presented which would have contradicted Wife's evidence. There is no evidence in the record that Husband ever requested a proffer. Furthermore, we find sufficient evidence in the record to support the order.

We affirm Husband's remaining issues pursuant to Rule 220(b)(1), SCACR, and the following authorities: *Johnson v. Johnson,* 296 S.C. 289, 372 S.E. (2d) 107 (1988) (nonmarital property may be transmuted into marital property if it becomes so commingled with marital property so as to be untraceable; is titled jointly; or is utilized by the parties in support of the marriage); *Honea v. Honea,* 292 S.C. 456, 357 S.E. (2d) 191 (Ct. App. 1987) (a party cannot fail to offer any proof at trial and then come to this Court complaining of the insufficiency of the evidence to support the court's findings); *Hickman v. Hickman,* 301 S.C. 455, 392 S.E. (2d) 481 (1990) (a party cannot use Rule 59(e) to present to the court an issue the party could have raised prior to judgment, but did not); *State v. Tanner,* 299 S.C. 459, 385 S.E. (2d) 832 (1989) (denial of a motion for a continuance is within the sound discretion of the trial judge).

Affirmed.

HARWELL, C.J., and CHANDLER, FINNEY and TOAL, JJ., concur.