2360

Jane DOE, Respondent v. Richard DOE, Appellant.

(459 S.E. (2d) 892)

Court of Appeals

*John F. Hardaway*, Columbia, *for appellant.*

*J. Michael Taylor, Harvey L. Golden*, and *Ashlin B. Potterfield, Golden, Taylor & Potterfield*, Columbia, *for respondent.*

Heard May 3, 1995.

Decided June 19, 1995; Reh. Den. Aug. 10, 1995.

HEARN, Judge:

In this divorce action, the family court judge granted alimony in the form of future medical expenses related to the wife's medical condition. The husband appeals. We affirm.[1]

The husband and wife were married on December 12, 1987. There were no children born of the marriage. Approximately two years before the marriage, the wife contracted genital herpes, a sexually transmitted disease, from the husband. The husband knew he had genital herpes when he began having premarital sex with the wife, but he did not apprise her of

---

[1] Because of the sensitive nature of the issues involved in this appeal, we have protected the confidentiality of the parties with assumed names.

that fact. When the wife was diagnosed with herpes in November of 1985 and confronted the husband, he lied about his condition, claiming he did not know he had the disease. The wife married the husband without learning of his deceit.

The parties separated numerous times throughout the marriage. They eventually sought marriage counselling. During one of the separations in 1989, the husband admitted to knowingly exposing the wife to herpes. The parties remained separated for almost a year until they attempted a reconciliation in 1990. The couple continued to have problems until their final separation in 1991. After the separation, the husband cancelled the wife's health insurance policy without notifying her.

In her amended complaint, the wife stated she "was not asking for an amount of alimony to be set at this time." However, the wife asked the court to order the husband to pay her premiums on medical insurance, and requested a reservation of alimony due to her medical condition.

At trial, experts testified the wife will need a gynecological examination every six months.[2] They also testified to a statistical correlation between herpes and dysplasia, which is a precursor to cervical cancer. The wife has already experienced abnormal pap smears, and has undergone laser surgery for dysplasia. She may require medication to treat the herpes, although she has an intolerance to the only drug available at present to treat the disease. The wife also may experience a recurrence of the bladder problems she has had with past herpes outbreaks. Finally, the experts testified to the wife's possible complications during future pregnancies due to the herpes.

The family court ordered payment alimony in the form of the wife's future medical expenses.[3] The order required the husband to pay for "all the hospital, medical, surgical, doctors, prescriptions, testing, and all other expenses the Plaintiff-wife has and will have aggravated by herpes. The Defendant-husband should pay the Plaintiff-wife for these medical expenses

---

[2] The examination is estimated to cost $45 to $125. This dos not include the laboratory costs.

[3] The family court judge allowed the husband to elect whether to pay alimony in the form of insurance premiums on a policy covering the wife, or the reimbursement to the wife of her future medical expenses related to herpes. The husband admitted during oral argument he elected medical payments.

upon presentation of bills by her." The trial court also awarded the wife $1,560 in attorney's fees.

## Scope of Review

Although this court has jurisdiction in domestic matters to find facts based on its own view of the preponderance of the evidence, it is not required to disregard the findings of the trial judge, who saw and heard the witnesses and was in a better position to evaluate their testimony and credibility. *McClerin v. McClerin*, 310 S.C. 99, 425 S.E. (2d) 476 (Ct. App. 1992); *Gambrell v. Gambrell*, 295 S.C. 457, 369 S.E. (2d) 662 (Ct. App. 1988).

## I. Alimony

The husband argues the wife is not entitled to alimony. We disagree. S.C. Code Ann. § 20-3-130 (Supp. 1994) outlines the factors a court must consider in making an alimony award. The grant of an alimony award is a matter within the discretion of the court and will not be reversed on appeal absent an abuse of that discretion. *Williamson v. Williamson*, 311 S.C. 47, 426 S.E. (2d) 758 (1993); *Bannen v. Bannen*, 286 S.C. 24, 331 S.E. (2d) 379 (Ct. App. 1985). The judge awarded the alimony pursuant to S.C. Code Ann. § 20-3-130(B)(6) (Supp. 1994) which authorizes the family court to order "[s]uch other form of spousal support, under terms and conditions as the court may consider just." This provision affords the family court broad discretion in awarding alimony and allows the court to fashion an alimory award which is just under the circumstances. *C.A.H. v. L.H.*, 315 S.C. 389, 434 S.E. (2d) 268 (1993). The trial judge here limited the alimony to conditions directly related to herpes. We conclude the judge did not abuse his discretion in awarding alimony.

The husband further argues the judge failed to consider the factors required by S.C. Code Ann. § 20-3-130(C) (Supp. 1994), and improperly considered premarital conduct as the determinative factor. We disagree. The trial judge placed emphasis upon the husband's fault in the breakup of the marriage as well as his actions in transmitting herpes to the wife prior to the marriage. The husband argues the trial court improperly used the husband's premarital fault in awarding alimony. We find, however, that the husband's

misconduct, though originally premarital in nature, extended to the marriage when he continued to lie to the wife about his own medical condition and she proceeded to marry him in ignorance of the truth. The husband admitted that his conduct, including his deception, contributed to the breakup of the marriage. In making an alimony award, the misconduct of a party is a proper consideration. *Woodside v. Woodside*, 290 S.C. 366, 350 S.E. (2d) 407 (Ct. App. 1986). Moreover, based upon the wife's need for extraordinary medical attention here, she may very well have been entitled to alimony without regard to the husband's fault. Finally, while it would have been preferable for the judge to discuss the other alimony factors he considered, his statement that he based the award on Section 20-3-130 is sufficient, given the record before us. *See Blackmon v. Blackmon*, 294 S.C. 187, 363 S.E. (2d) 400 (Ct. App. 1987) (Although the family court rules require the trial judge to make specific findings, minimal compliance is sufficient if the record permits adequate review by this court.).

## II. Expert Testimony

The husband argues the trial court erred in allowing expert medical testimony that was speculative and indefinite. We disagree. The question of whether to admit or exclude testimony of an expert witness is a matter largely left to the discretion of the trial court. *Creed v. City of Columbia*, 310 S.C. 342, 426 S.E. (2d) 785 (1993). The experts testified to the wife's need for regular medical care in treating herpes, and preventing possible problems associated with herpes. We recognize the expert testimony did not conclusively establish causation between the wife's herpes and some of her other medical conditions; nevertheless, the experts testified to medical examinations the wife requires related solely to the herpes and in addition to possible future problems, related to pregnancy and otherwise, as a result of her herpes.

Although neither expert would testify to a "reasonable degree of medical certainty" that some of the wife's medical problems were caused by herpes, they both testified that herpes is closely associated with her medical problems. The husband argues the wife must meet the standard of causation necessary to prevail in a negligence case. We disagree. In a negligence action, the injured party is awarded

damages to compensate him for his injury. The award is one-time and may not be recomputed in the future regardless of the true extent of the injury. Thus, the standard of proof of causation is strict. In contrast, after a divorce action awarding permanent alimony, either party may petition the court for a change in alimony based on changed circumstances. It is appropriate for the family court to consider possible future expenses. *See Williamson v. Williamson*, 311 S.C. 47, 426 S.E. (2d) 758 (1993) (the family court should have reserved jurisdiction to award wife alimony in the future where wife suffered from epilepsy since birth and her condition may deteriorate in the future); *Donahue v. Donahue*, 299 S.C. 353, 384 S.E. (2d) 741 (1989) (alimony may be reserved where there exists an identifiable set of circumstances likely to generate a need for alimony in the reasonably near future). We find no case law requiring a party seeking alimony to prove to a reasonable degree of certainty what the future expenses will be.[4] Thus, we find no abuse of discretion by the judge in admitting the testimony.

### III. Attorney Fees

The husband's argument that the judge abused his discretion in the award of attorney's fees is without merit.

An award of attorney's fees rests within the sound discretion of the trial judge and should not be disturbed on appeal absent an abuse of discretion. *Ariail v. Ariail*, 295 S.C. 486, 369 S.E. (2d) 146 (Ct. App. 1988). In family court matters the trial judge is given broad discretion in this area. *Edens v. Edens*, 273 S.C. 303, 255 S.E. (2d) 856 (1979). Based on the record before us, we find no abuse of discretion in requiring the husband to pay $1,560 of the wife's attorney's fees.

Accordingly, the order of the family court is

Affirmed.

SHAW and CURETON, JJ., concur.

---

[4] In the event the husband disputes payment of medical expenses incurred by the wife, she will have to establish, through expert medical testimony, a connection between the expenses and her herpes condition.