THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Cheryl Bass, Appellant,
v.
Charles Bass, Respondent.
 
 
 

Appeal From Georgetown County
H. E. Bonnoitt, Jr., Family Court Judge

Unpublished Opinion No. 2006-UP-175
Submitted March 1, 2006  Filed March 28, 2006

AFFIRMED IN PART AND REVERSED IN PART

 
 
 
Daphne A. Burns, of Mount Pleasant, for Appellant.  
Charles Bass, of Georgetown, for Respondent.
Joe Michael Crosby, of Georgetown, for Guardian Ad Litem.  
 
 
 

PER CURIAM:  Cheryl Bass (Wife) appeals the family courts order in her divorce action against Charles Bass (Husband).  We affirm in part and reverse in part.[1]  
FACTS
Husband and Wife married in March of 1985.  The parties have a minor daughter and an emancipated son.  The family lived at the marital residence in Georgetown until October of 2002, when Wife left with the daughter and moved to another of the parties Georgetown residences.  
The family court granted the parties a divorce on the ground of Husbands adultery and awarded Wife custody of and support for the parties daughter; awarded sixty percent of the marital estate to Husband and forty percent to Wife; ordered the parties to split the marital credit card debt 50/50; awarded Wife $850 per month in alimony; awarded Wife $7,500 in attorneys fees; and required Husband to maintain medical insurance for the daughter.  
Wife filed a motion to reconsider.  Prior to the courts decision on the motion, Wife moved to amend on the ground of after-discovered evidence of Husbands adultery, asserting she found explicit photographs of Husbands paramour.  Wife requested the court consider the evidence in conjunction with her motion to reconsider the equitable distribution award.  The family court denied Wifes motion to amend and her motion to reconsider.  
STANDARD OF REVIEW
In appeals from the family court, this court may find facts in accordance with its own view of the preponderance of the evidence.  Rutherford v. Rutherford, 307 S.C. 199, 204, 414 S.E.2d 157, 160 (1992).  However, this broad scope of review does not require us to disregard the family courts findings.  Stevenson v. Stevenson, 276 S.C. 475, 477, 279 S.E.2d 616, 617 (1981).  Nor must we ignore the fact that the trial judge, who saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony.  Cherry v. Thomasson, 276 S.C. 524, 525, 280 S.E.2d 541, 541 (1981).  The apportionment of marital property is within the discretion of the family court and will not be disturbed on appeal absent an abuse of discretion.  Wooten v. Wooten, 364 S.C. 532, 542, 615 S.E.2d 98, 103 (2005).  
LAW/ANALYSIS
I.  Motion to Amend the Motion to Reconsider
Wife contends the family court erred in denying her motion to amend her motion to reconsider and in not reconsidering Husbands misconduct in light of the after-discovered evidence.  We disagree.
To obtain a new trial based on after-discovered evidence, a movant must establish that the evidence:  (1) will probably change the result if a new trial is granted; (2) has been discovered since the trial; (3) could not have been discovered before the trial; (4) is material to the issue; and (5) is not merely cumulative or impeaching.  Lanier v. Lanier, 364 S.C. 211, 217, 612 S.E.2d 456, 458 (Ct. App. 2005).  See also Rule 60(b)(2), SCRCP.  The decision to grant a new trial based on after-discovered evidence is within the sound discretion of the trial court.  Bowman v. Bowman, 357 S.C. 146, 151, 591 S.E.2d 654, 656 (Ct. App. 2004).  
Wife argues the newly discovered pictures of Husbands paramour entitle her to reconsideration and further argues the family court did not give weight to Husbands misconduct in apportioning the marital estate.  The family court found the new pictures would probably not cause the Court to alter its prior decision and it appeared to be offered merely for the purpose of impeaching a prior witness and is cumulative.  
We find no abuse of discretion by the family court, as the evidence was cumulative to other evidence of Husbands adultery and the court clearly considered the adultery in its final order.  As evidenced by granting a divorce based on Husbands adultery and in awarding alimony after assigning Husband the fault of the dissolution of this marriage, the family court took Husbands marital misconduct into account in its final order.  Because the family court considered Husbands misconduct, we find no abuse of discretion.
II.  Savings Bonds
Wife next contends the family court erred in not including the parties savings bonds in the marital estate.  We disagree.
Approximately two months prior to the parties separation, Husband cashed over $12,000 in savings bonds without Wifes knowledge.  The bonds were intended to fund the childrens college education.  Husband testified he believed the money was not necessary for the children because the parties son dropped out of high school and was not attending college and the South Carolina lottery system would pay for their daughters education.  Husband allegedly gave the money to his son from a previous marriage.  
Subject to certain exceptions, the marital estate includes all real and personal property which has been acquired by the parties during the marriage and which is owned as of the date of filing or commencement of marital litigation . . . .  S.C. Code Ann. § 20-7-473 (Supp. 2005).  To apportion property that is no longer in the marital estate, there must be evidence of willful misconduct, bad faith, or intention to dissipate marital assets.  Dixon v. Dixon, 334 S.C. 222, 232-33, 512 S.E.2d 539, 544 (Ct. App. 1999).  Gifts to others during the marriage, absent proof of fraud, are not marital property for purposes of equitable distribution.  Panhorst v. Panhorst, 301 S.C. 100, 105-06, 390 S.E.2d 376, 379 (Ct. App. 1990).
Husband cashed the bonds and gifted the proceeds to his son prior to the time Wife left the marital home.  We find the savings bonds do not meet the definition of marital property, and there is insufficient evidence in the record to conclude that Husband cashed the bonds to intentionally dissipate marital funds in contemplation of marital litigation.  We discern no error.
III.  Marital Home
Wife contends the court erred in awarding the marital home to Husband.  We disagree.
The marital home is merely a share of the total marital estate.  Craig v. Craig, 365 S.C. 285, 291, 617 S.E.2d 359, 361 (2005).  The disposition of the residence in the context of equitable distribution of the marital estate is largely within the discretion of the family court.  Nasser-Moghaddassi v. Moghaddassi, 364 S.C. 182, 202, 612 S.E.2d 707, 718 (Ct. App. 2005).  
As part of the equitable distribution, the family court awarded the marital home in Georgetown to Husband and two other Georgetown homes owned by the parties to Wife.  Wife requested the marital home based on the fact the daughter had been raised there and that she would be unable to attain comparable housing.  However, at the time of the final divorce decree, Wife and daughter had been living in one of the other Georgetown properties for approximately two years.  There is nothing in the record to indicate a problem for Wife or daughter under their current living conditions.  We find no abuse of discretion in the courts award of the marital home to Husband.
IV.  Life Insurance
Wife contends the court erred in failing to require Husband to maintain life insurance to secure the payment of child support.  We disagree.
A party requesting life insurance as security for alimony or child support must show special circumstances for such an award.  Wooten, 364 S.C. at 553, 615 S.E.2d at 108.  Special circumstances include major health problems of the payor spouse or a payor spouses inability or failure to pay his support obligation.  Id. at 550, 615 S.E.2d at 107.  In this case, no special circumstances exist to require Husband to maintain life insurance to secure his child support obligation.  Therefore, we find no error by the family court.
V.  Other Issues Affecting Equitable Distribution 
Wife contends the family court erred in considering her failed businesses and excessive credit card spending in its distribution of the marital estate.  Wife further contends the family court erred in not assessing the amount of marital debt as of the beginning of the marital litigation, thereby failing to credit her for payments she made to reduce the credit card debt during the pendency of the action.  We find no reversible error. 
As to the Wifes businesses and spending, we recognize that poor business decisions, in and of themselves, do not warrant a finding of marital misconduct, and . . . there must be some evidence of willful misconduct, bad faith, intention to dissipate marital assets, or the like, before a court may alter the equitable distribution award for such misconduct.  McDavid v. McDavid, 333 S.C. 490, 496, 511 S.E.2d 365, 368 (1999).  The family court may, however, consider spending habits.  Deidun v. Deidun, 362 S.C. 47, 59, 606 S.E.2d 489, 496 (Ct. App. 2004) (distinguishing McDavid as more applicable to cases involving business expenditures as opposed to mere spending habits, which may be considered by the family court).  In the final divorce decree, the family court noted its consideration of Wifes excessive credit card spending and failed businesses in determining the equitable distribution of marital assets.  The court also found the accumulation of marital assets has been realized mainly by the [Husbands] superior income during the marriage.  While consideration of Wifes failed businesses may have been improper without a finding of Wifes bad faith, we find no reversible error as we find the overall apportionment of the marital estate to be equitable.  
Because we find the overall apportionment of the marital estate to be equitable, we likewise find no error in the courts apportionment of the marital debt.  Wife asserts that between the time of filing and the final divorce hearing, she paid $15,398.10 towards the credit card debt and reduced the total debt by approximately $9,400.  Wife contends she should be reimbursed for a percentage of these payments.  In equitably dividing the marital estate, the family court must give weight in such proportion as it finds appropriate to existing debts incurred by the parties or either of them during the course of the marriage.  S.C. Code Ann. § 20-7-472 (13) (Supp. 2005).  The words in such proportion as it finds appropriate, as used in the statute, accord much discretion to the trial judge in providing for the payment of marital debts as a consideration in the equitable division of the marital estate.  Hickum v. Hickum, 320 S.C. 97, 103, 463 S.E.2d 321, 324 (Ct. App. 1995). On review, this court looks to the fairness of the overall apportionment.  Id.  Because we find the overall apportionment to be fair, the fact that this court might have apportioned the estate differently than the family court is irrelevant.  See Johnson v. Johnson, 296 S.C. 289, 300, 372 S.E.2d 107, 113 (Ct. App. 1988).  We therefore affirm the family courts equitable apportionment of the marital estate.  
VII.  Private Investigator and Attorneys Fees
Wife contends the family court erred in not awarding her separate suit costs for the private investigator fees and in not awarding her reasonable attorney fees.  We agree as to the private investigator fees and reverse that portion of the courts order.  
As a result of finding repeated listings of another womans phone number on her phone bills, Wife hired a private investigator to investigate Husbands fidelity.  This investigation was undertaken approximately a month and a half after the parties separated and involved two private investigators.  Once the investigators were able to document evidence of Husbands infidelity, they ceased the investigation and tendered bills for approximately $3,500 to Wife.  
The court found private investigator fees to be a proper area of consideration, but stated it had already considered these fees in awarding Wife attorneys fees.  The family court is authorized to order payment of suit money to either party in a divorce.  S.C. Code Ann. § 20-3-120 & -130 (1985 & Supp. 2005).  Reimbursable expenses include reasonable and necessary expenses incurred in obtaining evidence of a spouses infidelity.  See Stevenson v. Stevenson, 295 S.C. 412, 415, 368 S.E.2d 901, 903 (1988).  Because Wife proved Husbands adultery, we find the family court erred in failing to award Wifes private investigator fees, which were incurred to prove Husbands adultery.  We therefore award Wife $3,500 to be paid by Husband within ninety days of this opinion.
As to the attorneys fees, we find no error.  Wife accrued $17,410.22 in attorneys fees.  The family court ordered Husband to pay $7,500 to Wife for attorneys fees.  Wife asserts that the award of attorneys fees was unreasonable because the family court failed to consider all of the proper factors.  
An award of attorneys fees rests within the sound discretion of the trial court and should not be disturbed on appeal absent an abuse of discretion.  Doe v. Doe, 319 S.C. 151, 157, 459 S.E.2d 892, 896 (Ct. App. 1995).  The family court is given broad discretion in this area.  Id.  The family court, in determining whether to award attorneys fees, should consider each partys ability to pay his or her own fees, the beneficial results obtained, the parties respective financial conditions, and the effect of the fee on the parties standard of living.  E.D.M. v. T.A.M., 307 S.C. 471, 476-77, 415 S.E.2d 812, 816 (1992).  In determining the reasonable amount of attorneys fees to award, the court should consider the nature, extent, and difficulty of the services rendered, the time necessarily devoted to the case, counsels professional standing, the contingency of compensation, the beneficial results obtained, and the customary legal fees for similar services.  Glasscock v. Glasscock, 304 S.C. 158, 161, 403 S.E.2d 313, 315 (1991).
The family court considered the relevant factors in making an award of attorneys fees and in setting the amount.  The court considered the beneficial results obtained by Wife, Husbands fault in the divorce, and the financial situation of the parties.  We find no abuse of discretion by the family court and affirm the award of $7,500 for Wifes attorneys fees.
 AFFIRMED IN PART AND REVERSED IN PART.  
 GOOLSBY, HUFF, and STILWELL, JJ., concur.

[1]        We decide this case without oral argument pursuant to Rule 215, SCACR.