THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 Sandra Jo
 Martin, Respondent,
 
 
 
 
 

v.

 
 
 
 
 William Young
 Martin, Appellant.
 
 
 
 
 

Appeal From Greenville County
 R. Kinard Johnson, Jr., Family Court
Judge

Unpublished Opinion No. 2010-UP-028
 Heard December 10, 2009  Filed January
25, 2010

AFFIRMED

 
 
 
 David Alan Wilson, of Greenville, for
 Appellant.  
 James Sarratt and Travis Verne Olmert, both
 of Greenville, for Respondent.
 
 
 

PER CURIAM: This appeal arises after the family
 court granted Sandra Jo Martin (Wife) a
 divorce from William Young Martin (Husband) on grounds of one year's continuous
 separation.  Husband appeals
 and argues the family court erred in (1)
 granting a divorce on the grounds of one year's continuous separation to Wife
 but not to Husband; (2) failing to include certain assets in its equitable
 apportionment of marital property; (3) failing to consider all fifteen
 statutory factors when dividing marital property; (4) awarding Wife 81% of the
 marital property; (5) awarding each party one-half of the other party's
 retirement without considering the tax consequences of such an award; and (6)
 awarding Wife attorney's fees and costs.  We affirm.
1.  We decline to rule on
 whether the family court erred in (1) granting Wife but not Husband a divorce
 on grounds of one year's continuous separation; (2) failing to include certain
 assets in its equitable apportionment of marital property; (3) failing to
 consider all fifteen statutory factors when dividing marital property; (4)
 awarding Wife 81% of the marital property; and (5) awarding each party one-half
 of the other party's retirement without considering the tax consequences of
 such an award.  We find these issues are not preserved for our review.  King
 v. King, 384 S.C. 134, 142, 681 S.E.2d 609, 614 (Ct. App. 2009) (requiring
 an issue be raised to and ruled upon by the trial court in order to be
 preserved for appellate review); see also In re Timmerman, 331
 S.C. 455, 460, 502 S.E.2d 920, 922 (Ct. App. 1998) ("When a party receives
 an order that grants certain relief not previously contemplated or presented to
 the trial court, the aggrieved party must move, pursuant to Rule 59(e), SCRCP,
 to alter or amend the judgment in order to preserve the issue for
 appeal.").
2.  We find the family
 court's classification of Wife's BMW as non-marital property incorrect because
 it was personal property acquired during the marriage.  See S.C. Code
 Ann § 20-3-630(A) (Supp. 2008) (defining "marital property" as real
 and personal property acquired by the parties during the marriage).  However, we
 find the family court did not err by using its discretion to award Wife the
 BMW.  See Simpson v. Simpson, 377 S.C. 527, 533, 660 S.E.2d 278,
 282 (2008) ("The division of marital property is within the sound
 discretion of the family court, and on appeal, it will not be disturbed absent
 an abuse of discretion."); Nasser-Moghaddassi v. Moghaddassi, 364
 S.C. 182, 197, 612 S.E.2d 707, 715 (Ct. App. 2005) (citing Morris v. Morris,
 335 S.C. 525, 531, 517 S.E.2d 720, 723 (Ct. App. 1999)) ("Upon dissolution
 of the marriage, marital property should be divided and distributed in a manner
 which fairly reflects each spouse's contribution to its acquisition, regardless
 of who holds legal title.").  
3.  We affirm the family
 court's decision to award attorney's fees.  Doe v. Doe, 319 S.C. 151, 157,
 459 S.E.2d 892, 896 (Ct. App. 1995) (stating an award of attorneys fees rests
 within the sound discretion of the trial court and should not be disturbed on
 appeal absent an abuse of discretion).  A family court should first consider the following factors as set forth in E.D.M. v. T.A.M., in
 deciding whether to award attorney's fees and costs:  (1) each party's
 ability to pay his or her own fee; (2) the beneficial results obtained by the
 attorney; (3) the parties' respective financial conditions; and (4) the effect
 of the fee on each party's standard of living.  307 S.C. 471, 476-77, 415
 S.E.2d 812, 816 (1992); see also Glasscock v. Glasscock, 304 S.C.
 158, 161 n.1, 403 S.E.2d 313, 315 n.1 (1991).  We find the family court
 properly considered the factors set forth in E.D.M.  After deciding to award
 attorney's fees, a family court should then consider the following factors as set
 forth in Glasscock in deciding how much to award in attorney's
 fees and costs:  (1) the nature, extent, and difficulty of the case; (2) the
 time necessarily devoted to the case; (3) professional standing of counsel; (4)
 contingency of compensation; (5) beneficial results obtained; and (6) customary
 legal fees for similar services.  304 S.C. at 161, 403 S.E.2d at 315; see
 also Feldman v. Feldman, 380 S.C. 538, 546-47, 670 S.E.2d 669, 673 (Ct.
 App. 2008).  Although the family court did not delineate its
 consideration of these six factors, we find by our own preponderance of the
 evidence that the amount of attorney's fees awarded is reasonable under Glasscock.  See Henggeler v. Hanson, 333 S.C. 598, 601-02,
 510 S.E.2d 722, 724 (Ct. App. 1998) ("On appeal from the family
 court, this court has jurisdiction to correct errors of law and find facts in
 accordance with its own view of the preponderance of the evidence.").
AFFIRMED.
WILLIAMS, PIEPER, and
 LOCKEMY, JJ., concur.