**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Gene Gibbs, Respondent,

v.

Jill Roberts Gibbs, Appellant.

Appellate Case No. 2015-000885

Appeal From Greenville County
Gwendlyne Y. Jones, Family Court Judge

Unpublished Opinion No. 2016-UP-454
Submitted September 1, 2016 – Filed November 9, 2016

**AFFIRMED**

Marion W. Fore, Jr. and J. Falkner Wilkes, both of Greenville, for Appellant.

Bobby H. Mann, Jr. and Philip James Temple, both of Temple and Mann, Attorneys, of Greenville, for Respondent.

**PER CURIAM:** Jill Roberts Gibbs (Wife) appeals a final divorce order from the family court, arguing the family court erred in (1) denying her an award of

alimony, (2) awarding Gene Gibbs (Husband) a portion of her retirement account, and (3) denying her an award of attorney's fees and costs. We affirm.[1]

1. As to issue one, we find the family court did not abuse its discretion in denying Wife an award of alimony. *See Crossland v. Crossland*, 408 S.C. 443, 452, 759 S.E.2d 419, 423 (2014) ("An award of alimony rests within the sound discretion of the family court and will not be disturbed absent an abuse of discretion."); *Lewis v. Lewis*, 392 S.C. 381, 391, 709 S.E.2d 650, 655 (2011) ("[T]he inartful use of an abuse of discretion deferential standard of review merely represents the appellate courts' effort to incorporate the two sound principles underlying the proper review of an equity case. . . . [T]hose two principles are the superior position of the trial [court] to determine credibility and the imposition of a burden on an appellant to satisfy the appellate court that the preponderance of the evidence is against the finding of the trial court."); *Pirri v. Pirri*, 369 S.C. 258, 267, 631 S.E.2d 279, 284 (Ct. App. 2006) (stating this court's "inquiry on appeal is not whether the family court gave the same weight to particular factors as this court would have; rather, our inquiry extends only to whether the family court abused its considerable discretion in assigning weight to the applicable factors." (quoting *Allen v. Allen*, 347 S.C. 177, 186, 554 S.E.2d 421, 425 (Ct. App. 2001))).

2. As to issue two, we find the family court did not abuse its discretion in awarding Husband a portion of Wife's retirement account. *See Crossland*, 408 S.C. at 455, 759 S.E.2d at 425 ("The division of marital property is within the discretion of the family court and will not be disturbed on appeal absent an abuse of discretion."); *Lewis*, 392 S.C. at 391, 709 S.E.2d at 655 ("[T]he inartful use of an abuse of discretion deferential standard of review merely represents the appellate courts' effort to incorporate the two sound principles underlying the proper review of an equity case. . . . [T]hose two principles are the superior position of the trial [court] to determine credibility and the imposition of a burden on an appellant to satisfy the appellate court that the preponderance of the evidence is against the finding of the trial court.").

3. As to issue three, we find the family court did not abuse its discretion in denying Wife an award of attorney's fees and costs. *See Srivastava v. Srivastava*, 411 S.C. 481, 489, 769 S.E.2d 442, 447 (Ct. App. 2015) ("An award of attorney's fees rests within the sound discretion of the [family court] and should not be disturbed on appeal absent an abuse of discretion." (quoting *Doe v. Doe*, 319 S.C. 151, 157, 459 S.E.2d 892, 896 (Ct. App. 1995))); *Lewis*, 392 S.C. at 391, 709 S.E.2d at 655

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

("[T]he inartful use of an abuse of discretion deferential standard of review merely represents the appellate courts' effort to incorporate the two sound principles underlying the proper review of an equity case. . . . [T]hose two principles are the superior position of the trial [court] to determine credibility and the imposition of a burden on an appellant to satisfy the appellate court that the preponderance of the evidence is against the finding of the trial court.").

**AFFIRMED.**

**LOCKEMY, C.J., and SHORT, and MCDONALD, JJ., concur.**