THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 Jeanette J.
 Hicks, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Thomas L.
 Hicks, Appellant.
 
 
 
 
 

Appeal From York County
Robert E. Guess, Family Court Judge

Unpublished Opinion No.  2011-UP-124  
 Submitted January 4, 2011  Filed March
24, 2011

AFFIRMED

 
 
 
 Thomas F. McDow and Erin U. Fitzpatrick, both
 of Rock Hill, for Appellant.
 John Martin Foster and Michael Langford 
 Brown, Jr., both of Rock Hill, for Respondent.
 
 
 

PER CURIAM: In this divorce matter, Thomas L. Hicks
 (Husband) argues the family court (1) failed to make adequate findings of fact
 for effective appellate review and possible future actions for modification,
 (2) erred in awarding Jeanette L. Hicks (Wife) alimony of $1,270 per month, (3)
 erred in admitting testimony regarding certain medical bills and awarding Wife
 funds from the marital estate to pay them because she did not provide the bills
 in response to his discovery requests, and (4) erred in requiring him to pay
 one-half of the cost of preparing a qualified domestic relations order (QDRO). 
 We affirm.[1]
1. Husband first argues
 the family court's findings of fact in the appealed order were insufficient to
 enable effective appellate review and to provide an adequate baseline for
 comparison in the event of a future action for modification.  He further
 complains that although he raised this concern in a Rule 59 motion, the family
 court dismissed this motion summarily without oral argument or further
 briefing.  We find no merit to either of these arguments.  
The divorce
 decree includes findings that Husband was able-bodied and gainfully employed. 
 In the decree, the family court also stated his monthly income from his
 employment and his social security benefits.  The court further acknowledged
 Husband had health problems, but found these problems did not interfere with
 his employment.  In addition, the court noted the amount Wife was receiving in
 social security benefits and found she had health problems that prevented her
 from working.  We hold these findings of fact are sufficient for both effective
 appellate review and an adequate basis for comparison in the event that either
 party requests a modification due to change of circumstances.  
As to the family
 court's decision to dispense with both oral arguments and briefs before ruling
 on Husband's Rule 59 motion, we find no abuse of discretion.  See Pollard
 v. County of Florence, 314 S.C. 397, 402, 444 S.E.2d 534, 536 (Ct. App.
 1994) (holding that even though the appellant did not style her motion as a
 brief, the circuit court did not abuse its discretion in denying the
 appellant's motion to alter or amend the judgment without first conducting a
 hearing).  Similar to the motion in Pollard, Husband's motion was seven
 single-spaced typewritten pages long, set forth arguments on the issues raised,
 and gave citations to legal authority; therefore, it was the functional
 equivalent of a brief, and we hold the family court was not required to hold
 oral argument or request additional written submissions before deciding the
 motion.
2. Regarding the alimony
 award, Husband argues the family court (1)  failed to make the necessary
 findings of fact required by statute, including his retirement, Wife's
 allegedly voluntary decision to retire, the parties' standard of living, potential
 rental income from Wife's nonmarital real property, and his health complaints;
 (2) in computing his gross monthly income, failed to give adequate attention to
 the fact that his work as a painter was conditioned on the weather and the
 possibility that illness and hospitalization could result in loss of income;
 (3) placed undue emphasis on his marital misconduct; and (4) should have
 applied some portion of Wife's retirement account to her support.  We find no
 abuse of discretion.  See Degenhart v. Buriss, 360 S.C. 497, 500,
 360 S.E.2d 96, 97 (Ct. App. 2004) ("Questions concerning alimony rest
 within the sound discretion of the family court judge whose conclusion will not
 be disturbed absent a showing of abuse of discretion.").
As previously
 noted, the family court made adequate findings of fact about the parties'
 respective abilities to work.  To the extent the court's other findings of fact
 regarding the alimony award were deficient, we hold, as Husband himself
 concedes in his brief, the alimony award had adequate support in the record.  See Holcombe v. Hardee, 304 S.C. 522, 524, 405 S.E.2d 821, 822 (1991)
 (allowing the appellate court to make its own findings of fact if the record is
 sufficient even though the family court may have failed to set forth specific
 findings of fact and conclusions of law to support its decision).  
Although his
 ability to find painting jobs was at times dependent on the weather, Husband
 admitted he could work in inclement conditions if indoor work was available.  Moreover,
 it is apparent from the decree that the family court viewed Husband's adultery
 as a factor in only the divorce itself and Wife's entitlement to alimony but
 not in the specific amount of spousal support awarded.  The family court, in
 determining the amount of the award, considered the parties' incomes and
 expenses, their prior work histories, and wife's role as primary caretaker of
 the parties' three children.  It is also clear from the record that Wife's
 nonmarital real property has no sewer line or septic tank and, as the family
 court opined during the hearing, was unlikely to generate significant income
 without significant expense.  Finally, Husband made only a conclusory argument
 to support his assertion that the family court should have applied a portion of
 Wife's retirement account to her support; therefore, we hold he has abandoned
 this issue on appeal.  See First Sav. Bank v. McLean, 314 S.C.
 361, 363, 444 S.E.2d 513, 514 (1994) (deeming the appellant to have abandoned
 an issue because he failed to provide arguments or supporting authority for his
 assertion and stating "[m]ere allegations are not sufficient to
 demonstrate an abuse of discretion").
3. Husband next argues
 the family court erred in admitting testimony about certain medical bills, in
 failing to make sufficient findings about them, and in awarding Wife funds from
 the marital estate to pay them.  He
 claims he was unaware that the medical bills were an issue because they were
 never listed on Wife's financial declaration or provided to him during
 discovery.  Although Wife's attorney produced the bills during mediation, one
 of his objections to their admissibility was the very fact that they were
 communications during mediation and the agreement to mediate prohibited their
 introduction during the final hearing.  Finally, he asserts that the late
 disclosure of these billson the financial declaration Wife provided to the
 court the day of the final hearingprevented him from asserting various defenses,
 including (1) that some of the bills were for expenses incurred by Wife after
 the date of filing of her divorce action, (2) that the statute of limitations
 may have expired on some of the expenses, and (3) that the medical providers
 may have been willing to compromise on some of the expenses for less than their
 face value.  We find no merit to any of these arguments.
We hold the very fact that
 Husband was made aware of these bills during the mediation is a valid factor to
 support a determination that the family court acted within its discretion in
 allowing evidence that these expenses were incurred during the marriage.  See  State v. Morris, 376 S.C. 189, 205, 656 S.E.2d 359, 368 (2008)
 ("The admission or exclusion of evidence is left to the sound discretion
 of the trial court, and the court's decision will not be reversed absent an
 abuse of discretion.") (quoted in  S.C. Dep't of Soc. Servs. v.
 Lisa C., 380 S.C. 406, 411, 669 S.E.2d 647, 650 (Ct. App. 2008)).  Furthermore,
 the Alternative Dispute Resolution Rules do not expressly restrict the
 admission of evidentiary material provided during mediation if that material
 was not created solely for the mediation.  See Rule 7(b)(3), ADR
 (authorizing a mediator to "define and describe" "[t]he
 inadmissibility of conduct and statements as evidence in any arbitral, judicial
 or other proceeding"); Rule 8(a), ADR ("Communications during
 a mediation settlement conference shall be confidential.") (emphasis
 added); Rule 8(a)(5), ADR (prohibiting the reliance on or introduction as
 evidence in any proceeding "[a]ll records, reports or other documents created
 solely for use in the mediation") (emphasis added).
We further reject Husband's
 arguments that he was unfairly deprived of the opportunity to assert certain
 defenses to having these expenses paid from marital funds because he did not
 receive adequate notice that Wife would make this request at trial.  The family
 court expressly found on the record that most if not all the bills were
 incurred before the parties separated, Wife testified that any medical expenses
 she incurred after the parties separated were not included among the bills she
 sought to have paid from marital funds, and Husband had the opportunity
 to cross-examine her on this point.  Although Husband's Rule 59 motion
 mentioned the possibility that some of the expenses could have been time-barred
 or subject to compromise by the providers, he did not raise these concerns at
 trial and has therefore not preserved them for appeal.  See Hickman
 v. Hickman, 301 S.C. 455, 456, 392 S.E.2d 481, 482 (Ct. App. 1990) ("A
 party cannot use Rule 59(e) to present to the court an issue the party could
 have raised prior to judgment but did not.") (cited in C.A.H. v.
 L.H., 315 S.C. 389, 392, 434 S.E.2d 268, 270 (1993)).
Wilder Corp. v. Wilke, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) (holding an
 objection must be sufficiently specific to inform the trial court of the point
 being urged by the objector).

4. Finally, Husband argues the family
 court erred in ordering the parties to split the cost of preparing the QDRO. 
 He argues (1) the responsibility for preparing a QDRO is traditionally
 delegated to the party who stands to benefit from the order and (2) the
 requirement that he pay one-half of the attorney's fees for preparing the QDRO
 is tantamount to an award of attorney's fees and thus contrary to the family
 court's ruling that the issue of attorney's fees would be held in abeyance.  Wife
 did not address these arguments in her brief; however, based on our review of
 the matter, we affirm the family court's mandate that the parties should share
 equally the costs of preparing the QDRO.   
"The award of attorney's
 fees is left to the discretion of the trial judge and will only be disturbed
 upon a showing of abuse of discretion."  Upchurch v. Upchurch, 367
 S.C. 16, 28, 624 S.E.2d 643, 648 (2006).  Although the fees at issue here had
 not yet been incurred when the family court issued the appealed order, Husband
 in his brief acknowledges they are "an effective award of attorney's
 fees."  
In support of his position
 Husband argues: "The attorney for the alternate payee ordinarily prepares
 the QDRO."  This assertion, however, comes from a practitioner's manual[2] and merely reflects the practical reality that the party who stands to benefit
 from the QDRO has the greater incentive to avoid delay in the drafting and
 approval of the document.   Husband has not directed our attention to any
 authority indicating that an alternate payee can never recover attorney's fees
 incurred in preparing a QDRO from the opposing party or that it is an abuse of
 discretion for the family court to order a plan participant to share the costs
 of preparing a QDRO.
AFFIRMED.
THOMAS,
 PIEPER, and GEATHERS, JJ., concur.

[1]  We decide this case without oral argument pursuant
 to Rule 215, SCACR.
[2]  The authority Husband cited was The Attorney's
 Handbook on Qualified Domestic Relations Orders by John H. Williamson
 (Argyle Publishing, 2nd Ed. 1997).