**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

South Carolina Department of Social Services,
Respondent,

v.

Claudia G. and Victor O., Defendants,

Of whom Victor O. is the Appellant,

In the interest of a minor child under the age of eighteen.

Appellate Case No. 2012-207708

―――――――――

Appeal From Spartanburg County
Phillip K. Sinclair, Family Court Judge

―――――――――

Unpublished Opinion No. 2012-UP-643
Submitted November 1, 2012 – Filed December 5, 2012

―――――――――

**AFFIRMED**

―――――――――

Dowse Bradwell Rustin, IV, and Kelly Nicole Lee, both of Nelson Mullins Riley & Scarborough, LLP, of Greenville, for Appellant.

Kimberly Y. Brooks, of Kimberly Y. Brooks, Attorney at Law, of Greenville, and Robert C. Rhoden, III, of South

Carolina Department of Social Services, of Spartanburg,
for Respondent.

_____

**PER CURIAM:**  Victor O. (Father) appeals the family court's order of intervention, arguing the family court erred in (1) allowing a social worker to testify about whether Father abused his daughter (Daughter) and (2) finding Father sexually abused Daughter. We affirm pursuant to Rule 220(b), SCACR.

1. We hold the family court did not err in allowing Rebecca Grounsell, a social worker, to testify because the family court properly qualified Grounsell as an expert witness.  *See Altman v. Griffith*, 372 S.C. 388, 400, 642 S.E.2d 619, 625 (Ct. App. 2007) (finding the family court's ruling to admit expert testimony will not be disturbed absent a clear abuse of discretion).   Grounsell testified she received a Bachelor of Arts and Master of Science in social work.  Grounsell also stated she was a licensed social worker and the family court qualified her as an expert eight prior times in the areas of child abuse, counseling, and child forensic interviewing. Additionally, the family court properly admitted Grounsell's testimony of Daughter's out-of-court statements during the forensic assessment pursuant to section 19-1-180 of the South Carolina Code (Supp. 2011). The family court found Daughter was unavailable to testify "because of her young age, an inability to communicate about the offense because of fear and . . . substantial likelihood that the child would suffer severe emotional trauma."  The family court further found Daughter's statements possessed particularized guarantees of trustworthiness based on "the child's personal knowledge of the event [and] her age and maturity . . . the child has no motive to falsify or distort the event, and . . . it is unlikely . . . these statements could be fabricated because they are beyond her knowledge and experience."  Moreover, Father failed to preserve for appeal the issue of whether Grounsell improperly bolstered Daughter's statements because Father did not contemporaneously object when the Department of Social Services (DSS) questioned Grounsell if Daughter consistently alleged Father abused her.  *See S.C. Dep't of Soc. Servs. v. Lisa C.*, 380 S.C. 406, 414-15, 669 S.E.2d 647, 652 (Ct. App. 2008) (holding father failed to preserve issue about the therapist's specific comments as to truthfulness because he did not contemporaneously object).

2. We hold the family court did not err in finding Father sexually abused Daughter. *See* S.C. Code Ann. § 63-7-1650(E) (2010) (requiring the family court to find by a preponderance of the evidence that DSS's allegations support an order of intervention, including a finding the child was abused or neglected pursuant to section 63-7-20 of the South Carolina Code (2010)); *S.C. Dep't of Soc. Servs. v.*

*Mary C.*, 396 S.C. 15, 26, 720 S.E.2d 503, 508 (Ct. App. 2011) ("[W]hen evidence presented in the record adequately supports the findings of the family court, due deference should be given to the family court's judgment based on its superior position in weighing such evidence.").  During Daughter's forensic assessment with Grounsell, Daughter consistently stated Father sexually abused her.  Similarly, Dr. Thomas Edmonds opined Daughter's behavior was consistent with a child who was sexually abused.  Dr. Edmonds testified Daughter stated Father "did a boo-boo on me" and pointed to her buttocks, vagina, and chest.  Daughter also tested positive for Chlamydia after making statements indicating Father sexually abused her.  Father argues he tested negative for Chlamydia immediately following Daughter's test and never received medical treatment for Chlamydia.  However, Father's negative result for Chlamydia and testimony does not warrant ignoring the family court's findings.  *See Epperly v. Epperly*, 312 S.C. 411, 414, 440 S.E.2d 884, 885-86 (1994) ("Since the testimony on this issue is so divergent, we adopt the findings of the [f]amily [c]ourt on this issue as the sitting judge was in the best position to determine the credibility of the witnesses.").

**AFFIRMED.**[1]

**HUFF, THOMAS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.