749 S.E.2d 301

### SOUTH CAROLINA DEPARTMENT OF SOCIAL SERVICES, Respondent,

v.

### Christopher PRINGLE and Brandy Darby, Defendants,

of whom Christopher Pringle, is the Appellant.

In the Interest of Minor Children under the Age of 18 Years.

Appellate Case No.2012–212255.

No. 27320.

Supreme Court of South Carolina.

Heard June 5, 2013.

Decided Sept. 25, 2013.

Rehearing Denied Nov. 8, 2013.

---

Lawrence Keitt, of Orangeburg, for Appellant.

Patrick L. Wright, of Orangeburg, for Respondent.

Justice PLEICONES.

This is an appeal from a family court order finding appellant (Father) sexually abused his two young daughters, requiring that his name be entered on the Central Registry of Child Abuse and Neglect, and prohibiting him from visiting his four children until successful completion of a treatment plan. Father, who is divorced from the children's mother, contends the family court erred in its interpretation of S.C.Code Ann. § 19–1–180 (Supp.2012) and in permitting the playing of videotape forensic interviews of the non-testifying child victims. We find the videotapes were inadmissible under § 19–1–180(G) and reverse.

## FACTS

Father was alleged to have sexually abused his two young daughters. When the parties arrived at court for the hearing, the Department of Social Services (DSS) announced that it intended to rely on a videotape interview of the alleged victims in lieu of their testimony. The court instructed DSS that when it intended to rely on a child's statement where the child was not available for cross-examination, a pretrial hearing was required. The family court judge adjourned the court until the next day in order to allow Father to prepare for the hearing on the admissibility of the videotape.

At the hearing the next day, DSS presented two witnesses to support its contention that the children were unavailable and their statements trustworthy within the meaning of § 19–1–180. Following the hearing, the family court found that both these criteria were satisfied. Ultimately, she admitted the videotape itself over Father's objection that the person who interviewed the children on the tape was not a qualified person under § 19–1–180(G).

Following this videotape hearing, the trial itself commenced. The first witness, a DSS employee, testified that following a report of abuse he interviewed the children. After each child related graphic details of Father's alleged misconduct, the DSS employee determined that a forensic interview of each child was required. The DSS employee explained that his role was only to take statements to determine whether further investigation was warranted, but that the referral for a forensic interview is to determine "the validity or the truthfulness of these kids." [1]

Appellant contends that the videotape of the forensic interview was not admissible under § 19–1–180(G). We agree.

---

1. The hearsay statements of the children were admitted during the DSS employee's testimony not for their truthfulness, but rather to explain why further investigation was warranted. *See State v. Brown,* 317 S.C. 55, 451 S.E.2d 888 (1994) (hearsay statements to explain investigation are not admitted for truth). That DSS and the family court understood the limited use of these statements is evident from the fact that DSS did not give statutory notice of its intent to rely upon them as substantive evidence as required by § 19–1–180(C), and the fact that the family court judge did not rely on them in her written order.

## ISSUE

Was the videotape erroneously admitted?

## ANALYSIS

By statute, certain hearsay statements made by children under the age of twelve [2] may be admitted in family court proceedings "concerning an act of alleged abuse or neglect." § 19–1–180(A). Since the children who made the hearsay statements here did not testify, the statements had to meet the requirements of § 19–1–180(B)(2). Under (B)(2), the family court must find the child is unavailable pursuant to at least one of the statutory reasons [ (B)(2)(a)(1) through (v) ] and that the hearsay statement "is shown to possess particularized guarantees of trustworthiness." § 19–1–180(B)(2)(b).

Subsection (D) of the statute lists ten factors the family court may consider in determining whether the hearsay statement has "particularized guarantees of trustworthiness under subsection (B)(2)(b)" and subsection (E) requires the family court to support its unavailability and trustworthiness rulings with "findings on the record." §§ 19–1–180(D) and (E).

Finally, subsection (G) provides:

If the parents of the child are separated or divorced, the hearsay statement shall be inadmissible if (1) one of the parents is the alleged perpetrator of the alleged abuse or neglect and (2) the allegation was made after the parties separated or divorced. Notwithstanding this subsection, a statement alleging abuse or neglect made by a child to a law enforcement official, an officer of the court, a licensed family counselor or therapist, a physician or other health care provider, a teacher, a school counselor, a Department of Social Services staff member, or to a child care worker in a regulated child care facility is admissible under this section.

Father contends that since the person to whom the videotaped hearsay statements were made (Houston) was not a qualified person under (G), the videotapes themselves were inadmissible.

---

2. Or by a person who functions as a child under the age of twelve. § 19–1–180(A). The children who made the statements at issue here were both under twelve.

Section 19–1–180 creates a narrow exception to the hearsay rule in family court proceedings for statements made by certain child sex abuse victims. In the first sentence of subsection (G), however, the legislature has restored the hearsay bar where the accused is a divorced or separated parent of the child and the allegation arose after the separation or divorce.[3] The second sentence of (G) then allows for the admission of a hearsay statement made by this class of child accuser if the statement otherwise meets the requirements of § 19–1–180, and the statement was made to:

a law enforcement official, an officer of the court, a licensed family counselor or therapist, a physician or other health care provider, a teacher, a school counselor, a Department of Social Services staff member, or to a child care worker in a regulated child care facility. . . .

Here, it is conceded that Houston is not licensed by the State of South Carolina in any field, nor is there any suggestion that she is a law enforcement official, an officer of the court, a physician or other health care provider, a teacher, a school counselor, a DSS staffer or a child care worker. Rather, she is a child forensic interviewer with a bachelor's degree in sociology and a master's degree in rehabilitative counseling. Houston also has a certificate in the RATAC model through her participation in a program called Finding Words.

Houston was not a qualified person under § 19–1–180(G) and thus the videotape of her forensic interviews with these children was not admissible. Although Little testified to certain statements made by the children to him, this testimony was not offered for the truth of these statements. *State v. Brown, supra.* The only substantive evidence at trial that the children were abused by Father was found in the erroneously admitted tape, and the taped statements were the sole basis for the family court's finding of abuse against Father. On this record, the erroneous admission of the children's statements

---

3. As the Court of Appeals recognized in *S.C. Carolina Dept. of Social Services v. Lisa C.*, "the purpose of (G) is to protect a parent from potentially false accusations instigated by the other parent as part of a contentious divorce or custody battle." 380 S.C. 406, 413, 669 S.E.2d 647, 650 (2008). In this case visitation is at stake as the children's mother is the custodial parent.

made to Houston prejudiced Father, and requires that we reverse the appealed order.

## CONCLUSION

The appealed order is

**REVERSED.**

BEATTY and HEARN, JJ., concur.

TOAL, C.J., dissenting in a separate opinion.

KITTREDGE, J., concurring in part and dissenting in part in a separate opinion.

Chief Justice TOAL.

I respectfully dissent. I agree with the majority's conclusion regarding the admissibility of the videotaped forensic interviews. However, in my view, the DSS employee's testimony in this case is sufficient to affirm the family court's finding.

The instant case is an abuse and neglect action, regarding a determination that Appellant's name should be entered into the Central Registry. The purpose of the Central Registry is to identify abused and neglected children and those responsible for their welfare, and provide a coordinated reporting system concerning abused and neglected children. S.C.Code Ann. § 63–7–1910 (2010). The family court may place an individual's name into the Central Registry upon finding, by a preponderance of the evidence, that the person abused or neglected a child. *Id.* § 63–7–1940.[4] Section 19–1–180 of the South Carolina Code allows introduction of out-of-court state-

---

4. *See also* S.C.Code Ann. § 63–7–1930 (2010) ("[T]he department may petition the family court for an order directing that the person named as a perpetrator be entered into the Central Registry.... The petition must have attached a written case summary stating facts sufficient to establish by a preponderance of the evidence that the person named as perpetrator abused or neglected the child and that the nature and circumstances of the abuse indicate that the person named as perpetrator would present a significant risk of committing physical or sexual abuse or willful reckless neglect if placed in a position or setting outside of the person's home that involves or substantial contact with children.").

ments made by children under the age of twelve, regarding an act of alleged abuse or neglect, irrespective of whether the statement would be otherwise inadmissible provided certain conditions are met. *Id.* § 19–1–180(A) (Supp.2012).

One of those conditions provides that the out-of-court statement may be admitted if the child is found by the court to be unavailable to testify because of the "substantial likelihood that the child would suffer severe emotional trauma from testifying at the proceeding or by means of videotaped deposition or closed-circuit television." *Id.* § 19–1–180(2)(a)(v). The family court in this case found the victims incompetent to testify and unavailable based on "the inability to communicate because of fear" and the substantial likelihood that "severe emotional trauma" would result from recounting the alleged abuse. Moreover, subsection (G) of section 19–1–180 specifies that:

> [i]f the parents of the child are separated or divorced, the hearsay statement shall be inadmissible if (1) one of the parents is the alleged perpetrator of the alleged abuse or neglect and (2) the allegation was made after the parties separated or divorced. *Notwithstanding this subsection,* a statement alleging abuse or neglect made by a child to a law enforcement official, an officer of the court, a licensed family counselor or therapist, a physician or other health care provider, a teacher, a school counselor, *a Department of Social Services staff member,* or to a child care worker in a regulated child care facility is admissible under this section.

S.C.Code Ann. § 19–1–180(G) (Supp.2012) (emphasis added). In this case, the victims made the statements alleging abuse to a Department of Social Services staff member as contemplated by the statute.

I disagree with the majority's conclusion that "the hearsay statements of the children were admitted during the DSS employee's testimony not for their truthfulness, but rather to explain why further investigation was warranted." In my opinion, the Record in this case demonstrates otherwise.

The DSS employee initially testified regarding his conversation with one of the two victims in this case, discussing their sexual abuse allegations. The DSS employee then began to testify concerning information he received about one of the

victims and the victim's behavior following the alleged abuse. Appellant's defense counsel objected, and argued that unless the DSS employee revealed the source of the information, the testimony constituted inadmissible hearsay. The DSS employee testified that the information came from Appellant's ex-wife. Appellant's defense counsel then raised a hearsay objection. DSS countered that this information was not being offered for the truth of the matter asserted, but that the DSS employee was "just stating what he did in his investigation and what they told him." The family court sustained the objection as to any information the DSS employee gained from Appellant, but *not* with regard to Appellant's wife or the victims. The DSS employee further described his conversations with Appellant's ex-wife and the other victim. According to the DSS employee's testimony, under both direct and cross-examination, both victims stated that Appellant sexually abused them.

It is well-established that when a family court order is appealed, this Court reviews that order de novo, and may find facts based on our view of the preponderance of the evidence. *Lewis v. Lewis*, 392 S.C. 381, 384, 390, 709 S.E.2d 650, 651, 654–55 (2011) ("De novo review permits appellate court fact-finding, notwithstanding the presence of evidence supporting the trial court's findings."). A preponderance of the evidence means "evidence which, when fairly considered, is more convincing as to its truth than the evidence in opposition." S.C.Code Ann. § 63–7–20(13).

In my opinion, this Court should find that the DSS employee's testimony is more convincing as to its truth than the evidence offered by Appellant, and thus, affirm the family court's determination. From my perspective, the majority's application of *State v. Brown*, 317 S.C. 55, 451 S.E.2d 888 (1994), is erroneous.[5] The Central Registry proceeding is "a

---

5. The facts of *Brown* are inapposite the instant case, as Brown was a criminal prosecution. In *Brown*, police conducted video surveillance of the defendant's apartment, and obtained a search warrant based on activity observed during the surveillance. *Brown*, 317 S.C. at 57, 451 S.E.2d at 890. At trial, the court admitted two police officers' statements regarding the reason for that surveillance. *Id.* at 63, 451 S.E.2d at 893–94. These statements related to receiving certain information before establishing surveillance, receiving complains while in the neigh-

civil action aimed at protection of a child, not a criminal action geared toward punishing a defendant." *S.C. Dept. of Social Services v. Wilson*, 352 S.C. 445, 451–52, 574 S.E.2d 730, 733 (2002) (citation omitted). Thus, in my view, it is inappropriate to view this case through the lens of the admissibility of hearsay statements in the criminal context.

For the foregoing reasons, I respectfully dissent. I would affirm the family court's order.

Justice KITTREDGE.

I concur in part and dissent in part. I concur with the Court's construction of section 19–1–180(G) and the erroneous admission of the videotaped forensic interviews. I agree with the dissent that similar incriminating evidence was admitted without objection. I further agree with the dissent that such unchallenged additional evidence was admitted without any limitation. Specifically, like the dissent, I respectfully dis-agree with the majority's finding that the unchallenged incrim-inating "testimony was not offered for the truth of these statements." Yet, unlike the dissent, I would not affirm the finding of sexual abuse, notwithstanding our de novo review. Because the family court judge's order relies exclusively on the section 19–1–180(G) testimony, I would remand to the family court judge on the existing record. It may be that the family court judge believed the unchallenged evidence of sexual abuse and merely saw no need to cite to this cumulative evidence. If so, I would have the family court judge issue a supplemental order reaffirming her initial finding of abuse based on the unchallenged evidence, thereby ending this mat-ter. However, if the family court judge (as the fact-finder)

---

borhood, and being "familiar with" the neighborhood. *Id.* The defen-dant alleged these statements were hearsay and argued that the trial court erred in failing to direct a mistrial following the admission of these statements. *Id.* This Court disagreed, holding that an out of court statement is not hearsay if it is offered for the limited purpose of explaining why a government investigation is undertaken. *Id.* at 63, 451 S.E.2d at 894. However, the Record in this case does not demon-strate that the family court admitted the DSS employee's testimony regarding the victims' statements for this limited purpose. Moreover, in *Brown*, the police officers' statements did not describe the actual conduct supporting the defendant's arrest and conviction. Thus, the analysis in that case, regarding a criminal investigation, is inapplicable to the facts *sub judice.*

was not persuaded by this cumulative evidence, Appellant would be entitled to a new trial.