**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Melissa Leaphart Hagood, Appellant,

v.

James Buckner Hagood, Defendant; Melody "Suzie" Hagood Sharpe, 3rd Party Defendant, Respondents.

Appellate Case No. 2016-001637

_____

Appeal From Richland County
Anne Gue Jones, Family Court Judge

_____

Unpublished Opinion No. 2018-UP-471
Heard December 4, 2018 – Filed December 19, 2018

_____

**AFFIRMED**

_____

James Ross Snell, Jr. and Vicki D Koutsogiannis, of Law Office of James R. Snell, Jr., LLC, of Lexington, for Appellant.

John S. Simmons, of Simmons Law Firm, LLC, and Peter George Currence, of McDougall, Self, Currence & McLeod, LLP, both of Columbia, for Respondent Melody "Suzie" Hagood Sharpe.

Carrie Hall Tanner, of Speedy, Tanner, Atkinson & Cook, LLC, of Camden, for Respondent James Buckner Hagood.

---

**PER CURIAM:** Melissa Hagood (Mother) appeals the family court's order (1) awarding joint custody of her minor child (Child) to James Hagood and Melody Hagood Sharpe (Sister) and allowing her only supervised visitation; (2) refusing to review Child's diary; (3) ordering Mother to pay a portion of Sister's attorney's fees; and (4) finding Mother in willful contempt for failing to turn over Child's diary and for failing to pay child support. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the family court erred in the custody determination: *Stoney v. Stoney*, 422 S.C. 593, 594, 813 S.E.2d 486, 486 (2018) (per curiam) (providing that on appeal from the family court, this court reviews factual and legal issues de novo); *Clark v. Clark*, 423 S.C. 596, 604, 815 S.E.2d 772, 776 (Ct. App. 2018) ("The paramount and controlling factor in every custody dispute is the best interests of the children." (quoting *Brown v. Brown*, 362 S.C. 85, 90, 606 S.E.2d 785, 788 (Ct. App. 2004))); S.C. Code Ann. § 63-15-230(A) (Supp. 2018) ("The [family] court shall make the final custody determination in the best interest of the child based upon the evidence presented."); S.C. Code Ann. § 63-15-230(C) (Supp. 2018) ("If custody is contested or if either parent seeks an award of joint custody, the court shall consider all custody options, including . . . joint custody, and, in its final order, the court shall state its determination as to custody and shall state its reasoning for that decision."); S.C. Code Ann. § 63-15-240(B) (Supp. 2018) (providing that in issuing a custody order, "the [family] court must consider the best interest of the child" and providing seventeen factors the court may include in its analysis); § 63-15-240(B)(6) (providing the court may consider "the actions of each parent to encourage the continuing parent-child relationship between the child and the other parent, as is appropriate, including compliance with court orders"); S.C. Code Ann. § 63-15-30 (2010) ("In determining the best interests of the child, the court must consider the child's reasonable preference for custody. The court shall place weight upon the preference based upon the child's age, experience, maturity, judgment, and ability to express a preference."); *Rice v. Rice*, 335 S.C. 449, 458, 517 S.E.2d 220, 225 (Ct. App. 1999) ("[A] determination of best

---

[1] The issues related to equitable distribution and alimony are addressed in a companion case: *Melissa Hagood v. James Hagood (2)*, Appellate Case No. 2016-001898. Those issues are still under consideration.

interest[s] of the children is an inherently case-specific and fact-specific inquiry."); *Stoney*, 422 S.C. at 595, 813 S.E.2d at 487 (holding the de novo standard of review "does not abrogate two long-standing principles still recognized by our courts during the de novo review process: (1) a trial judge is in a superior position to assess witness credibility, and (2) an appellant has the burden of showing the appellate court that the preponderance of the evidence is against the finding of the trial judge"); *Brown*, 362 S.C. at 93-94, 606 S.E.2d at 789 ("The child's preference will be given little weight where the wishes of the child are influenced by the permissive attitude of the preferred parent."); *id.* at 95, 606 S.E.2d at 790 ("[A] determination of the best interests of the child is paramount to the child's preference."); *Frye v. Frye*, 323 S.C. 72, 76, 448 S.E.2d 586, 588 (Ct. App. 1994) ("A family court may impose upon a noncustodial parent such conditions and restrictions on [her] visitation privileges as the court, in its discretion, thinks proper.").

2. As to whether the family court erred in refusing to review Child's diary: *Stoney*, 422 S.C. at 594 n.2, 813 S.E.2d at 486 n.2 (acknowledging our appellate courts review the family court's "evidentiary or procedural rulings . . . using an abuse of discretion standard"); *S.C. Dep't of Soc. Servs. v. Lisa C.*, 380 S.C. 406, 411, 669 S.E.2d 647, 650 (Ct. App. 2008) ("The [family] court abuses its discretion when that decision is based upon an error of law or upon factual findings that are without evidentiary support."); *Altman v. Griffith*, 372 S.C. 388, 401, 642 S.E.2d 619, 626 (Ct. App. 2007) ("To warrant reversal based on the admission or exclusion of evidence, the complaining party must prove both error and resulting prejudice.").

3. As to whether the family court erred in ordering Mother to pay a portion of Sister's attorney's fees: *Stoney*, 422 S.C. at 594, 813 S.E.2d at 486 (providing that on appeal from the family court, this court reviews factual and legal issues de novo); *Reiss v. Reiss*, 392 S.C. 198, 210, 708 S.E.2d 799, 805 (Ct. App. 2011) ("The award of attorney's fees in a domestic action rests within the sound discretion of the family court."); *E.D.M. v. T.A.M.*, 307 S.C. 471, 476-77, 415 S.E.2d 812, 816 (1992) (providing the family court should consider four factors in deciding to award attorney's fees and costs: "(1) the party's ability to pay his/her own attorney's fee; (2) beneficial results obtained by the attorney; (3) the parties' respective financial conditions; [and] (4) effect of the attorney's fee on each party's standard of living"); *Glasscock v. Glasscock*, 304 S.C. 158, 161, 403 S.E.2d 313, 315 (1991) (stating that if the court determines an award of attorney's fees is appropriate, the court should consider the following factors when determining the amount to award: "(1) the nature, extent, and difficulty of the case; (2) the time necessarily devoted to the case; (3) professional standing of counsel; (4)

contingency of compensation; (5) beneficial results obtained; [and] (6) customary legal fees for similar services"); *Simcox-Adams v. Adams*, 408 S.C. 252, 260, 758 S.E.2d 206, 210 (Ct. App. 2014) ("The burden is upon the appellant to convince the appellate court that the preponderance of the evidence is against the family court's findings.").

4. As to whether the family court erred in holding Mother in contempt: S.C. Code Ann. § 63-3-620 (Supp. 2018) ("An adult who wil[l]fully violates, neglects, or refuses to obey or perform a lawful order of the court, or who violates any provision of this chapter, may be proceeded against for contempt of court."); *Lewis v. Lewis*, 400 S.C. 354, 361, 734 S.E.2d 322, 325 (Ct. App. 2012) ("[W]hile this court has the authority to find facts in accordance with its own view of the preponderance of the evidence, 'we recognize the superior position of the family court . . . in making credibility determinations.'" (quoting *Lewis*, 392 S.C. 381, 392, 709 S.E.2d 650, 655 (2011))); *Simcox-Adams*, 408 S.C. at 260, 758 S.E.2d at 210 ("The burden is upon the appellant to convince the appellate court that the preponderance of the evidence is against the family court's findings.").

**AFFIRMED.**

**LOCKEMY, C.J., and GEATHERS and MCDONALD, JJ., concur.**